FRAAM *v.* COVELL.

WATERS AND WATERCOURSES — SURFACE WATERS — EQUITY — DRAINS.

By a decree enjoining defendant from collecting water from low places on his property and discharging it upon the highway and through a culvert under an electric railway therein, casting upon complainant's farm in greater quantity than would naturally flow there, the water so collected, the trial court properly determined the issue as to defendant's right to cast surface waters upon and to partly submerge defendant's property.[1]

Appeal from Kent; Sessions, J., presiding. Sub-

[1] Liability for injury from water precipitated upon adjoining property, see note in 36 L. R. A. (N. S.) 1172.

mitted January 18, 1912. (Docket No. 117.) Decided
May 31, 1912. Rehearing denied October 7, 1912.

Bill by George Fraam against Chester F. Covell and
others for an injunction and other relief. From a decree
for complainant, defendants appeal. Affirmed.

*Smedley, Linsey & Lillie*, for complainant.

*Colin P. Campbell* (*Kleinhans & Knappen*, of coun-
sel), for defendants.

OSTRANDER, J.   Between the land of complainant and
that of defendant Covell is a highway, in which is laid
and operated an electric railroad.   The highway and the
roadbed of the railway are both constructed and main-
tained at a height considerably above the surrounding
land.   The bill of complaint charges that defendant
Covell collected surface water upon his land and, by con-
nivance with the highway commissioner of the defendant
township, carried it to and upon the premises of complain-
ant by means of an artificial drain, constructed through
and under the roadbed of the highway; said roadbed con-
stituting an artificial barrier to the passage of the water.

The answer made by defendants is, in substance: That
the surplus water, the land being in a state of nature,
would find its way from defendant's to complainant's
land; that such natural flow of water was obstructed by
artificial barriers; that the conduit constructed under one
of these artificial barriers, namely, the highway, operates
only to permit the water to flow as it naturally would
flow; that the conduit was constructed in the highway to
free it from a body of water for which there was no other
outlet or escape and to save the roadbed from destruction;
that the action of the highway commissioner was the
performance of official duty, not contrived or brought
about by defendant.   It is said, also, that defendant
Covell did not collect the water which was discharged
through the conduit.

There is little dispute concerning the facts. The cause was submitted on the testimony produced by complainant. It appears that all of the land in question, and more, was once owned by defendant Covell, through whom complainant takes his title. Originally, portions of Covell's land, being lower than the surrounding land, received and held, until it disappeared by evaporation and percolation, the surplus surface water of a considerable watershed. There were pockets or depressions (cat-holes) in which the water stood after rains and after the melting of the snow. There was no watercourse on the land; but, that portion of which complainant's land was a part being lowest, most of the water found its way there. Through this natural basin the highway was constructed, separating lowland on one side of the road from that on the other and making a barrier to the flow of the water to the lowest point on the land. The railroad bed constructed upon the side of the highway, and immediately in front of complainant's premises, was another barrier to the movement of surface water. When the railroad was built, a ditch or gutter was made on each side thereof and from one gutter to the other, under the roadbed, a 12-inch tile was laid. When the highway was laid out in 1860, a log culvert was put in under the part designed for travel. Later, the owner of the land, the father of defendant Covell, laid a 4-inch tile drain from a pond or sag hole on the south side of the road to another sag hole on the north side thereof, where complainant's land is. Still later, when the highway was graded and the roadbed elevated, a plank culvert was constructed through and under it. The culvert under the road disappeared. Such water as flowed under the highway was conveyed by the 4-inch tile. Complainant's immediate grantor, complaining about the water cast upon her land by the tile drain, closed it, and defendant Covell filed his bill of complaint against her and others to enjoin the obstruction of the drain. That cause reached this court, where a decree dismissing the bill of complaint was affirmed. *Covell* v. *Bright*,

157 Mich. 419, 423 (122 N. W. 101). It is stated in the opinion that the record did not present a case of interference with the flowage of a natural water course or with the natural flowage of surface waters; that what was involved was a prescriptive right to discharge water through an artificial drain. (*Id.* p. 423). It was held that the testimony did not sustain the conclusion that the grantee of Covell, who held by warranty deed, took the land burdened with the prescriptive right. It was after this decision went down that the highway commissioner constructed a new culvert under and through the roadbed of the highway, through which and through the culvert under the railroad roadbed a considerable amount of water which was collected on the south side of the highway was immediately discharged upon the land of complainant.

The trial court found, and the testimony fully sustains the finding, that the defendant Covell had so connected the three swales, or swamps, on his land, by means of ditches and tile drains, that nearly all of the water was conducted to a point on his land next to the highway, and that by this means the water, if there had been no artificial barrier, would have been, and by means of the new 12-inch tile culvert it was, discharged upon complainant's land in greater volume and in shorter time than it would have gone there if the land had remained in its natural state; that formerly, and for more than 20 years, such of it as crossed the highway, by an artificial way, passed through the 4-inch tile drain; that the right to so conduct the water had been denied by the courts. The logical conclusion from the facts found is, and was by the court found to be, that defendant Covell may not, of right, discharge this water through the new 12-inch tile drain; the effect being to drain his own land and, at times, to submerge and injure the land and premises of complainant. The right of the township authorities to conduct the water along the highway is not denied, and is not involved.

The right of the township to turn it upon the land of complainant is denied.

The decree of the court below was right and is affirmed, with costs to the appellee.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. BIRD, J., did not sit.